Jan 05 06 Case 3:01-cv-00225-HKS-a Document 195-3 Filed 01/06/2006 Page 1 of 82
Jan 23 04 03:51p Terry Venneberg 12535723662 1/22/04 p.5

FRW copy

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

CAROL CHRISTOPHER, JULIE BHEND, )
and CARMELA CHAMARA, )
                                    )
        Plaintiffs,            )
                                    )
vs.                             )
                                    )
NATIONAL EDUCATION )
ASSOCIATION - ALASKA, )
                                  )
        Defendant.           )

COPY
Original Received
JAN 22 2004
Clerk of the Trial Courts

Case No. 3AN-_____ Civil

## COMPLAINT

COME NOW plaintiffs Carol Christopher, Julie Bhend, and Carmela Chamara, by and through their counsel of record, Terry A. Venneberg, and Kenneth R. Friedman of the Law Offices of Friedman, Rubin & White, and by way of complaint against defendant National Education Association - Alaska, do state and allege as follows:

1. Plaintiffs Carol Christopher, Julie Bhend, and Carmela Chamara, formerly Carmela Larry, are residents of the State of Alaska over the age of eighteen (18) years, and are in all respects qualified and competent to maintain this action.

2. Defendant National Education Association - Alaska (hereinafter "NEA-Alaska") is a labor organization licensed and authorized to do business under applicable law, and has the capacity to sue and to be sued.

Terry A. Venneberg
Attorney at Law
625 Commerce Street
Suite 460
Tacoma WA 98402
(253) 572-3467
(253) 572-3662 fax

COMPLAINT - Page 1

App. Ex. 54, p. 1

1   3. This court has jurisdiction in this action under provisions of AS 22.10.020. The claims raised
2   in this action were originally filed in the United States District Court for the District of Alaska in
3   *E.E.O.C. v. National Education Association-Alaska*, Case No. A01-225CV, with the United States
4   District Court exercising supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a). On
5   January 6, 2004, the United States District Court declined to exercise supplemental jurisdiction over said
6   claims, having dismissed all claims over which it had original jurisdiction, pursuant to 28 U.S.C. §
7   1367(c). Plaintiffs have timely raised the claims in this action, under provisions of 28 U.S.C.§ 1367(d).
8   Venue in this action is proper in Anchorage.

9                                   Factual Background

10  4. On or about March 1, 1998, Thomas Harvey was retained by NEA-Alaska as its Interim
11  Assistant Executive Director, and began work in that position in the Anchorage, Alaska office of NEA-
12  Alaska.

13  5. NEA-Alaska is and has been, at all times pertinent to this action, an affiliate of the National
14  Education Association, a national labor organization of teaching professional and educators.

15  6. Harvey was appointed to the position of Interim Assistant Executive Director at NEA-Alaska
16  as a result of recommendations given and efforts made by officials of the National Education
17  Association. Prior to beginning work as Interim Assistant Executive Director at NEA-Alaska, Harvey
18  had worked for other National Education Association affiliate organizations, including the Mississippi
19  Association of Educators, the Teachers Association of Baltimore County, the Texas State Teachers
20  Association and the Maine Education Association.

21  7. In his work at other National Education Association affiliates, prior to assuming the position
22  of Interim Assistant Executive Director at NEA-Alaska, Harvey had exhibited behavior towards female
23  employees of those affiliates that was both physically and verbally threatening to those employees. A
24  subordinate female employee of the Teachers Association of Baltimore County had filed complaints

Terry A. Venneberg
Attorney at Law
625 Commerce Street
Suite 460
Tacoma WA 98402
(253) 572-3467
(253) 572-3662 fax

COMPLAINT - Page 2

**App. Ex. 54, p. 2**

1 concerning Harvey, when he was Executive Director of that organization, alleging discrimination and
2 harassment, including screaming, yelling, and physically-threatening conduct. Another female employee
3 of the Teachers Association of Baltimore County raised concerns about Harvey's threatening conduct,
4 and was forced to resign as a result of that conduct. Also, while Executive Director of the Teachers
5 Association of Baltimore County, Harvey had physically assaulted a female union official, and was
6 charged with criminal conduct as a result of the incident. Harvey's reputation for engaging in
7 harassment and intimidation of females and female employees was well known by officials of the
8 National Education Association and a substantial number of its affiliate organizations at the time that
9 Harvey was retained by NEA-Alaska to work as its Interim Assistant Executive Director.

10      8. Despite having either actual or constructive knowledge of the dangerous and violent
11 tendencies exhibited by Harvey in his previous supervisory positions, NEA-Alaska not only retained
12 Harvey as Interim Assistant Executive Director on or about March 1, 1998, but placed him in a
13 supervisory capacity over a number of female employees of NEA-Alaska, including, but not limited to,
14 plaintiff-intervenors Christopher, Bhend and Chamara. On or about August 30, 1999, Harvey was
15 appointed to be Assistant Executive Director at NEA-Alaska, with the interim label removed from his
16 title, and continued to act in a supervisory role over Christopher, Bhend and Chamara in that capacity.

17      9. Virtually from the time that Harvey began his work at NEA-Alaska as a supervisor, Harvey
18 openly and belligerently treated female employees more harshly than male employees by yelling and
19 screaming, pounding tables and engaging in other acts of physical and verbal aggression towards them.
20 Harvey also, for a time, engaged in yelling towards male employees, but the conduct exhibited against
21 male employees was not nearly as severe as the conduct exhibited towards female employees, including
22 plaintiffs, and Harvey would end any yelling at male employees when they told him to stop. Female
23 employees at NEA-Alaska, including plaintiff-intervenors, also told Harvey to stop engaging in physical
24 and verbal aggression towards them; however, in response to the request, Harvey's aggressive conduct

25
26
27

Terry A. Venneberg
Attorney at Law
625 Commerce Street
Suite 460
Tacoma WA 98402
(253) 572-3467
(253) 572-3662 fax

COMPLAINT - Page 3

App. Ex. 54, p. 3

1 towards them only intensified.

2     10. Harvey's aggression towards plaintiff-intervenor Christopher often included physically
3 threatening gestures and conduct, such as pounding his fists on tables or windows, or pointing his finger
4 at Christopher within inches of her face while yelling and screaming at her. Harvey also yelled and
5 screamed at Christopher while shaking his fist in her face, listened in on conversations of which he was
6 not part, monitored her e-mail, made false accusations against her that were designed to turn co-workers
7 against her, burst into meetings in which Christopher was participating and then sat in, listened or took
8 control of the meeting, and otherwise engaged in constant intimidation and bullying of Christopher.

9     11. As a direct result of the harassment and intimidation, both physical and verbal, directed at
10 her by Harvey while he was her supervisor at NEA-Alaska, Christopher resigned from her position at
11 NEA-Alaska. Christopher's resignation from her employment at NEA-Alaska constituted a constructive
12 discharge from that position. The conduct engaged in by Harvey, as described here, also caused
13 Christopher to suffer severe emotional distress. Christopher sought counseling and treatment concerning
14 the emotional distress caused by Harvey, and was prescribed medication to address the emotional and
15 psychological damage sustained as a result of Harvey's outrageous conduct.

16     12. Harvey also subjected Bhend and Chamara to abusive conduct when he supervised their
17 employment, yelling and screaming at them both behind closed doors and in public areas of the NEA-
18 Alaska offices. As was the case with Christopher, Harvey made false accusations against Bhend that
19 were designed to turn co-workers against her. Following Christopher's constructive discharge, Harvey's
20 harassment and intimidation against Bhend intensified. Bhend was told to seek the assistance of no other
21 employee, except one, in the performance of her duties, which was contrary to the policy and practice of
22 the NEA-Alaska office. Harvey further intimidated Bhend by interrogating her about statements that he
23 falsely claimed that she had made regarding a variety of subjects. Harvey's treatment of Bhend caused
24 her to fear speaking to him.

25
26
27

Terry A. Venneberg
Attorney at Law
625 Commerce Street
Suite 450
Tacoma WA 98402
(253) 572-3467
(253) 572-3662 fax

1   13. The conduct engaged in by Harvey towards Bhend, as described here, caused Bhend to suffer severe emotional distress. Bhend sought counseling and treatment concerning the emotional distress caused by Harvey, and was prescribed medication to address the emotional and psychological damage sustained as a result of Harvey's outrageous conduct.

14. Harvey also subjected Chamara, then known as Carmela Larry, to physical intimidation and severe verbal harassment during the time that he supervised her employment. In addition to yelling and screaming and making physically threatening gestures towards Chamara, Harvey engaged in other harassing conduct directed towards Chamara, including instructing co-workers to monitor Chamara's activities, record the times that she entered the office and to report such information back to him.

15. As a direct result of the harassment and intimidation, both physical and verbal, directed at her by Harvey while he was her supervisor at NEA-Alaska, Chamara resigned from her position at NEA-Alaska. Chamara's resignation from her employment at NEA-Alaska constituted a constructive discharge from that position. The conduct engaged in by Harvey, as described here, also caused Chamara to suffer severe emotional distress. Chamara sought counseling and treatment concerning the emotional distress caused by Harvey, and was prescribed medication to address the emotional and psychological damage sustained as a result of Harvey's outrageous conduct.

### First Cause of Action
### Violation of AS 18.80.220

16. Paragraphs 1 through 15 as set out above are incorporated by reference herein.

17. AS 18.80.220(a)(1) makes it unlawful for an employer "to discriminate against a person in compensation or in a term, condition, or privilege of employment because of the person's ... sex ... when the reasonable demands of the position do not require distinction on the basis of ... sex ..."

18. Defendant NEA-Alaska violated AS 18.80.220(a)(1) by subjecting plaintiffs Christopher,

Terry A. Venneberg
Attorney at Law
625 Commerce Street
Suite 460
Tacoma WA 98402
(253) 572-3467
(253) 572-3662 fax

COMPLAINT - Page 5

1  Bhend and Chamara, through their supervisor, Thomas Harvey, to sex-based harassment based on their
2  gender, female, and by constructively discharging Christopher and Chamara.

3    19. As a direct and proximate result of the violation of AS 18.80.220(a)(1) by NEA-Alaska,
4  plaintiffs have incurred and will continue to incur past and future economic and non-economic loss in an
5  amount to be proven at trial, but in any event exceeding $50,000.

6    20. Plaintiff-intervenors are also entitled to an award of punitive damages against the above-
7  named defendant in light of the malice and/or reckless indifference exhibited by defendant towards the
8  plaintiff-intervenors, and their rights as set out in AS 18.80.220.

9

## Second Cause of Action
## Negligent Hiring and Retention

11

12  21. Paragraphs 1 through 20 as set out above as set out above are incorporated by reference
13  herein.

14  22. Defendant NEA-Alaska owed a duty to plaintiffs to exercise reasonable care in the hiring and
15  retention of supervisory personnel, including Thomas Harvey.

16  23. Defendant NEA-Alaska breached its duty to exercise reasonable care in the hiring and
17  retention of Thomas Harvey as first Interim Assistant Executive Director, then as Assistant Executive
18  Director. Defendant NEA-Alaska either knew or should have known of Harvey's unfitness for a
19  supervisory position, due to his previous record of harassing and intimidating female employees while
20  working with other NEA affiliates.

21  24. As a direct and proximate result of the negligence of defendant NEA-Alaska in the hiring
22  and retention of Thomas Harvey, plaintiffs have incurred and will continue to incur past and future
23  economic and non-economic loss in an amount to be proven at trial, but in any event exceeding $50,000.

24  25. Plaintiffs are also entitled to an award of punitive damages against defendant, in light of the

25
26
27

Terry A. Venneberg
Attorney at Law
625 Commerce Street
Suite 460
Tacoma WA 98402
(253) 572-3467
(253) 572-3662 fax

COMPLAINT - Page 6

1  gross negligence and reckless indifference displayed by defendant in the hiring and retention of Thomas
2  Harvey as a supervisor.

### Third Cause of Action
### Intentional Infliction of Emotional Distress

26. Paragraphs 1 through 25 as set out above are incorporated by reference herein.

27. Thomas Harvey, while acting as a supervisor on behalf of defendant, acted towards plaintiffs Christopher, Bhend and Chamara in an extreme and outrageous manner, engaging in frequent and often threatening physical and verbal harassment of plaintiff-intervenors while they were subject to his supervision.

28. Defendant is vicariously liable for the actions of Thomas Harvey under the doctrine of *respondeat superior*, in that Harvey's actions towards plaintiffs were performed within the scope of his employment and/or duties as first Interim Assistant Executive Director, then Assistant Executive Director, at NEA-Alaska.

29. As a direct and proximate result of the extreme and outrageous conduct engaged in by Thomas Harvey, for which defendant NEA-Alaska is liable, plaintiffs have suffered severe emotional distress. Plaintiffs have been required to obtain psychological counseling due to the severity of the emotional distress inflicted upon them by Harvey, and have also been prescribed medication to address the psychological and emotional damage caused Harvey's conduct. Plaintiffs are entitled to recover past and future economic and non-economic damages incurred as a result of the conduct of Thomas Harvey, for which defendant is liable in an amount to be proven at trial, but in any event exceeding $50,000.

30. Plaintiffs are also entitled to an award of punitive damages against defendant for the extreme and outrageous conduct of Thomas Harvey, in that the conduct at issue was engaged in by Harvey in his capacity as a manager at NEA-Alaska, and were performed within the course and scope of his employment, and in that NEA-Alaska was reckless in retaining Harvey as a manager and supervisor.

Terry A. Venneberg
Attorney at Law
625 Commerce Street
Suite 460
Tacoma WA 98402
(253) 572-3467
(253) 572-3662 fax

COMPLAINT - Page 7

App. Ex. 54, p. 7

1  WHEREFORE plaintiffs pray for the following relief to be granted:

2  1. That plaintiffs be awarded damages against defendant NEA-Alaska for past and future
3  economic and non-economic losses in an amount to be proven at trial, but in any event to exceed
4  $50,000.

5  2. That punitive damages be assessed against defendant NEA-Alaska in favor of plaintiffs in an
6  amount to be proven at trial.

7  3. That plaintiffs be awarded costs, interest and attorneys fees, as provided by applicable law.

8  4. That such and other further relief as this court may deem appropriate be granted.

9  DATED this 22nd day of January, 2004.

By: /s/ Terry A. Venneberg
Attorney for Plaintiffs
Alaska Bar No. 8706056

By: /s/ Kenneth R. Friedman
Attorney for Plaintiffs
Alaska Bar No. 9210060

Terry A. Venneberg
Attorney at Law
625 Commerce Street
Suite 460
Tacoma WA 98402
(253) 572-3467
(253) 572-3662 fax

COMPLAINT - Page 8

App. Ex. 54, p. 8