IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

CAROL CHRISTOPHER, JULIE
BHEND, AND CARMELA CHAMARA,

    Plaintiff,

vs.

NATIONAL EDUCATION
ASSOCIATION - ALASKA,

    Defendant.

## ORDER DISMISSING PLAINTIFFS' FIRST CAUSE OF ACTION (VIOLATION OF AS 18.80.220)

The First Cause of Action in plaintiffs' complaint is an employment discrimination claim brought by plaintiffs Carol Christopher, Julie Bhend, and Carmela Chamara (collectively "plaintiffs") against the local chapter of the National Education Association ("NEA-Alaska"). Plaintiffs allege that a NEA-Alaska supervisor subjected them to sexual harassment while they worked in the NEA-Alaska office in violation of AS 18.80.220. NEA-Alaska has moved to dismiss the First Cause of Action in plaintiffs' complaint pursuant to Rule 12(b)(6) of the Alaska Rules of Civil Procedure for failure to state a claim upon which relief may be granted. NEA-Alaska argues that the prior decision of the United States District Court for the District of Alaska, in Case No. A01-225CV, which resolved



plaintiffs' federal Title VII claim of sex discrimination against NEA-Alaska, presents a collateral estoppel bar to plaintiffs' First Cause of Action in this proceeding.

Because matters outside the pleadings, the U.S. District Court's order, must be considered to determine whether plaintiffs' claim is barred by collateral estoppel, defendant's motion is converted to one for summary judgment  As such, defendant's motion is **GRANTED**, and plaintiffs' First Cause of Action is **DISMISSED**. The facts and issues decided in the federal case preclude relitigation of the plaintiffs' state sex discrimination claims in this proceeding.

DISCUSSION:

I.   Factual Background

On or about March 1, 1998, Thomas Harvey was retained by NEA-Alaska as its Interim Assistant Executive Director, and began work in that position in the Anchorage, Alaska office of NEA-Alaska. In this capacity, Harvey supervised a number of female employees of NEA-Alaska including the plaintiffs. On or about August 30, 1999, Harvey was appointed to be Assistant Executive Director at NEA-Alaska, with the interim label removed from his title, and continued to act in a supervisory role over the plaintiffs.

Plaintiffs allege that virtually from the time Harvey began his work at NEA-Alaska as a supervisor, he openly and

belligerently treated female employees more harshly than male employees by yelling and screaming, pounding tables, and engaging in other acts of physical and verbal aggression towards them despite requests to stop such conduct. As a result of Harvey's conduct, plaintiffs allegedly suffered severe emotional distress, and plaintiffs Christopher and Chamara resigned from their positions with NEA-Alaska (which they contend constitutes constructive discharge).

The U.S. Equal Employment Opportunity Commission conducted an investigation of the treatment plaintiffs encountered and concluded that there was reasonable cause to believe that Harvey had violated the provisions of Title VII. The EEOC then filed an action, *E.E.O.C. v. National Education Association-Alaska* alleging that plaintiffs had encountered a "hostile work environment" at NEA-Alaska in violation of Title VII. The current plaintiffs later intervened in that case, and brought claims under Alaska law for violation of AS 18.80.220, negligent hiring and retention, and intentional infliction of emotional distress.

NEA-Alaska moved for summary judgment as to all claims. Judge Singleton granted NEA-Alaska's motion with respect to the claim brought under Title VII. Judge Singleton at first remanded, and then dismissed without prejudice plaintiffs'

claims under Alaska law. Plaintiffs subsequently re-filed their state claims in this court, resulting in the present action.[1]

## II. Standard of Review - Summary Judgment

Although NEA-Alaska has couched its motion as a motion to dismiss, because matters outside the pleadings, Judge Singleton's order, must be considered to determine whether plaintiffs' claim is barred by collateral estoppel, the motion should be treated as one for summary judgment.

In *White v. State, Dept. of Natural Resources*, 14 P.3d 956, 962-63 (Alaska 2000), the Alaska Supreme Court reviewed the trial court's decision to treat the State's Rule 12(c) motion for judgment on the pleadings, on *res judicata* grounds, as one for summary judgment because it took judicial notice of an earlier Alaska Supreme Court decision, which the superior court deemed outside the pleadings. Without considering White's request for additional time to oppose, the superior court simply deemed the State's motion as one for summary judgment and entered judgment in favor of the state.

The Alaska Supreme Court, without deciding, assumed "for present purposes" that courts deciding Rule 12(c) motions for judgment of the pleadings "may not judicially notice prior

---

[1] Plaintiffs have appealed Judge Singleton's dismissal of their federal claim to the Ninth Circuit. Nevertheless, this court is not precluded from dismissing this cause of action on grounds of collateral estoppel. The Alaska Supreme Court has "repeatedly held that the pendancy of an appeal is irrelevant for the purposes of res judicata and collateral estoppel." Wyatt

appellate decisions without reaching beyond the face of the pleadings." *Id.* at 962 and n.37. The Court however upheld the superior court's ruling, finding that White failed to show any resulting prejudice due to the conversion to summary judgment. The Court so held because the superior court had relied on the earlier decision not as a source of factual information, but rather only as a basis for its legal conclusion that White's current claims had already been litigated, and, as a result, were barred by *res judicata*. *Id.* at 963.

Thus, the court treats NEA-Alaska's motion as one for summary judgment. However, the court takes judicial notice of Judge Singleton's order and decides the motion without further submission of evidence. This does not prejudice plaintiffs, especially considering that plaintiffs contemplated a conversion to summary judgment in their opposition to the current motion.

### III. Collateral Estoppel/Issue Preclusion

The Alaska Supreme Court recently summarized its application of collateral estoppel:

> *Res Judicata* consists of both claim preclusion and issue preclusion...
>
> Whereas claim preclusion bars the litigation of any cause of action arising out of a claim which has already been litigated, issue preclusion, or collateral estoppel, renders *an issue of fact or law which has already been decided by a court of competent jurisdiction conclusive in a subsequent action between the same parties, whether on the same or a different*

---

v. *Wyatt*, 65 P.3d 825, 831 (Alaska 2003)
ORDER DISMISSING FIRST CAUSE OF ACTION
CHRISTOPHER V NEA - ALASKA
3AN-04-382RCI
PAGE 5 OF 12

claim. To determine whether issue preclusion applies, we ask whether:

(1) the party against whom the preclusion is now employed was a party to or in privity with a party to the first action;

(2) the issue precluded from relitigation is identical to the issue decided in the first action;

(3) the issue was resolved in the first action by a final judgment on the merits; and

(4) the determination of the issue was essential to the final judgment.

McElroy v. Kennedy, 74 P.3d 903, 907 (Alaska 2003)(quotations and citations omitted; emphasis added).

It appears that the only factor in dispute is whether "the issue precluded from relitigation is identical to the issue decided in the first action." NEA-Alaska argues that after comparing the pleadings, there can be no doubt that the same transaction or series of transactions[2] formed the basis of the Title VII and AS 18.80.220 claims in A01-225CV and the AS 18.80.220 cause of action here. NEA-Alaska asserts that identical evidence will be necessary to maintain the duplicate AS 18.80.220 claim, and that the ultimate issue resolved by the District Court and proposed for relitigation in this court was and is whether NEA-Alaska's conduct "constituted discrimination because of sex."

---

[2] The doctrine of issue preclusion "is at its best as it applies to an adjudication of past facts, where the second proceeding involves the same claim or the same transaction." Jeffries v. Glacier State Tel. Co., 604 P 2d

Plaintiffs claim that Judge Singleton's ruling, however, illustrates that the "issue decided" in his ruling does not preclude litigation of plaintiffs' claim of hostile work environment. Judge Singleton found that, while "substantial evidence" had been presented that Harvey "is rude, overbearing, obnoxious, loud, vulgar, and generally unpleasant," the plaintiffs had "not shown that they were victims of sexually discriminatory conduct or that the environment in which they worked was hostile to women as women." Stated another way, Judge Singleton held that plaintiffs' claim under Title VII should be dismissed because he found no evidence of a "sexual nexus or animus towards women." Plaintiffs read Judge Singleton's finding of a lack of discriminatory "animus" towards women as evidence that plaintiffs' did not prove intentional discrimination. Plaintiffs believe that Judge Singleton's sole basis for dismissing plaintiff's Title VII claims was that he found no evidence of discriminatory animus, intent, or motive. Plaintiffs then assert that because an Alaska hostile work environment claim does not require proof of discriminatory intent or "animus," Judge Singleton's ruling did not decide the issue that is to be considered by this court in determining plaintiffs' state claim under AS 18.80.220, i.e. whether the

---

4, 9 (Alaska 1979) (quotation omitted; emphasis added).
ORDER DISMISSING FIRST CAUSE OF ACTION
CHRISTOPHER V. NEA - ALASKA
3AN-04-3829CI
PAGE 7 OF 12

work environment plaintiffs' encountered was sufficiently abusive to constitute a "hostile work environment."

Plaintiffs' argument, however, interprets Judge Singleton's ruling too narrowly and misapplies the law. The federal and state anti-discrimination laws do not make all hostile workplace environments unlawful. Hostile environment *sexual harassment*, however, is unlawful. The issue decided by Judge Singleton was not just whether NEA-Alaska, through Harvey, intentionally discriminated against the plaintiffs, but was more broadly whether NEA-Alaska had engaged in unlawful hostile environment *sexual harassment*.

In *French v. Jadon, Inc.*, 911 P.2d 20 (Alaska 1996), the Alaska Supreme Court first determined that AS 18.80.220 encompasses a claim of hostile or abusive work environment harassment, noting that "*gender-based* discrimination which affects the terms and conditions of the work place appears to violate the plain language of AS 18.80.220." *Id.* at 27-28 (emphasis added). The Court in *French* concluded "from the plain language of AS 18.80.220 and *from* the federal precedent interpreting *Title VII*" that "*discriminatory behavior* sufficiently severe or pervasive to alter the conditions of the victim's employment and to create a *discriminatory hostile work environment* violates 18.80.220." *Id.* at 28 (emphasis added).

Consideration of *French* illuminates the error in plaintiffs' arguments. Judge Singleton correctly recognized, as did *French* and the federal authorities that both *French* and Judge Singleton cite, that the key to liability is *discrimination based on sex*. Plaintiffs, however, misconstrue Judge Singleton's decision, reading it (in contrast to Alaska case law) as requiring the plaintiffs to prove "discriminatory animus" or intent in order to show a hostile work environment that violated Title VII. On the contrary, Judge Singleton found that the plaintiffs had "not shown that they were the victims of *sexually discriminatory conduct or* that the environment in which they worked was hostile to women as women." Judge Singleton's ruling held that plaintiffs could not prove any discrimination because of their sex, not merely that there was no intentional discrimination.

Judge Singleton's ruling cited *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998), in which the United States Supreme Court emphasized that the touchstone of Title VII is discrimination or disparate treatment. The Court stated that, "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at 'discrimina[tion]...because of...sex.'" *Id.* at 80 (emphasis in original). The plaintiffs "must always prove that the conduct at issue was not merely tinged with offensive sexual

connotations, but actually constituted 'discrimina[tion]...because of...sex.'" *Id.* at 81 (emphasis in original).

Citing *Oncale*, Judge Singleton emphasized that "Harvey's conduct must have some kind of *sexual nexus or animus toward women*." Even assuming that women were more negatively affected by Harvey's conduct, Judge Singleton found that the plaintiffs "must still demonstrate that Harvey's conduct was *directed at them because of their gender*"; and concluded that they "failed to prove evidence of this nexus."

What Judge Singleton held, and what plaintiffs seek to argue against here, is that plaintiffs failed to demonstrate that Harvey's conduct was directed at them because of their gender. Although Judge Singleton dismissed the AS 18.80.220 and other state claims *without* prejudice, plaintiffs are bound in this forum by the District Court's ultimate factual determination and conclusion of law that there was no discrimination "because of sex."

This conclusion is mandated by the Alaska Supreme Court's decision in *Wilson v. Municipality of Anchorage*, 977 P.2d 713 (Alaska 1999), which presented nearly identical procedural facts. In *Wilson*, the Court considered a similar migration from federal to state court by a disappointed plaintiff to resurrect a defeated claim. A municipal firefighter sued the city alleging race discrimination in violation of state and federal

law (AS 18.80.210-220 and 42 U.S.C. § 1983) in the city's failure to rehire him as a fire inspector or promote him to that position. The Municipality removed the case to federal District Court, which subsequently granted summary judgment to the defendants. The District Court dismissed Wilson's § 1983 claim with prejudice and, just as Judge Singleton did in this case, dismissed without prejudice his state law claims, including his AS 18.80 claims. Wilson then re-filed his state law claims, including racial discrimination, in superior court. *Id.* at 718.

The Superior Court dismissed Wilson's state race discrimination claims, holding that collateral estoppel barred those claims that arose out of the same nucleus of operative facts as his federal § 1983 race discrimination claim that the federal court had resolved against him. The Alaska Supreme Court affirmed, finding that the issue determined by the federal court was identical to that to be determined in state court – whether the union and the city had discriminated against Wilson on the basis on his race. The Alaska Supreme Court noted the federal court's observation that "beyond the mere fact that Wilson is black, there appears to be no support for his claim that the allegedly unfair treatment he received was racially motivated." *Id.* at 726.

Just as in *Wilson*, here the ultimate issue decided in the federal proceeding is identical to the one plaintiffs seek to

relitigate in this second lawsuit – in this case, whether NEA-Alaska discriminated against the plaintiff because of sex. As in *Wilson*, collateral estoppel bars relitigation of the plaintiffs' state sex discrimination claims in this proceeding. Therefore, defendant's motion is **GRANTED**, and plaintiffs' First Cause of Action is **DISMISSED**.

IT IS SO ORDERED.

DATED at Anchorage, Alaska this 29th day of April, 2004.

_____
PETER A. MICHALSKI
Superior Court Judge

Certify that on 04/28/04 a copy of the above was mailed to each of the following at their addresses of record: T. Venueberg, K. Friedman, L. Longenbaugh

_____
Administrative Assistant