Terry A. Venneberg
Attorney at Law
1126 Highland Avenue, Suite 101
Bremerton, Washington 98337
(360) 377-3566

Kenneth R. Friedman
Friedman, Rubin & White
1126 Highland Avenue
Bremerton, Washington 98337
(360) 782-4300

Attorneys for Plaintiff-Intervenors Carol Christopher, Julie Bhend and Carmela Chamara

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　Plaintiff,<br><br>and<br><br>CAROL CHRISTOPHER, JULIE BHEND, and CARMELA CHAMARA,<br><br>　　Plaintiff-Intervenors,<br><br>vs.<br><br>NATIONAL EDUCATION ASSOCIATION and NATIONAL EDUCATION ASSOCIATION - ALASKA,<br><br>　　Defendant. | Civil No. A01-0225CV (JKS) |

## MOTION TO STRIKE SECTION II OF REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION OF DEFENDANT NEA FOR SUMMARY JUDGMENT

COME NOW plaintiff-intervenors, by and through counsel, and move this court, pursuant to F.R.C.P. 12(f), to strike Section II of the Reply Memorandum submitted by defendant National Education Association concerning its Renewed Motion for Summary Judgment. This motion is fully supported by the following memorandum, and attached exhibits.

MOTION TO STRIKE SECTION II OF REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION
OF DEFENDANT NEA FOR SUMMARY JUDGMENT - Page 1

Terry A. Venneberg
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax

The Renewed Motion for Summary Judgment filed by NEA seeks dismissal of the claims brought under Title VII against NEA on grounds other than those addressed in *EEOC v. National Education Association*, 422 F.3d 840 (9th Cir. 2005). In its memorandum in support of the renewed motion, NEA stated its mistaken belief that "the intervenors have voluntarily dismissed their state-law claims" not only against NEA-Alaska (which was the case), but also against NEA (which was not the case). *See* NEA Memo in Support of Renewed Motion, p. 2. Upon learning that those claims have not, in fact, been dismissed, NEA has sought dismissal of the state-law claims *in its reply*, without benefit of motion, on a variety of grounds. First, NEA claims that it was "assured" by counsel for NEA-Alaska that it "would not agree to dismiss the state-court action if it would remain possible for plaintiffs to pursue state-law claims against NEA" concerning Tom Harvey. *See* NEA Reply, p. 16. Second, NEA argues that, even if the dismissal of the state court action did not operate to bar the state-law claims against NEA in this case, the claims should nevertheless be dismissed. *Id.* at pp. 16-17.

Section II of NEA's reply, which seeks to have plaintiff-intervenor's state-law claims dismissed, should be stricken from the pleading, as it is immaterial and impertinent to the motion which has been brought. NEA's renewed summary judgment motion concerns only the claims brought under Title VII; plaintiffs' opposition addressed only the issues raised by NEA's motion. Any section of, or argument offered in, the reply to plaintiffs' opposition that does concern the subject matter of the summary judgment motion - the Title VII claims - has no place in the pending summary judgment motion practice. Certainly, a section of a reply which seeks dismissal of *separate claims* in the case should not be considered or given effect by this court.

NEA's mistaken belief concerning whether the state-law claims against it were dismissed in the state court action against NEA-Alaska was not based on any representation or action by plaintiffs, but rather apparently based on "assurances" given by NEA-Alaska's counsel.[1] Those "assurances" were clearly misplaced, as the state court action did not raise claims against NEA, nor did the dismissal of the

---

[1] Undersigned counsel would also seek to avoid a "swearing contest" concerning the meaning of the state-court action dismissal, although given the assurances that were apparently given by counsel for NEA-Alaska, it is unclear that plaintiffs would even be involved in the contest mentioned.

MOTION TO STRIKE SECTION II OF REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION
OF DEFENDANT NEA FOR SUMMARY JUDGMENT - Page 2

Terry A. Venneberg
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax

case concern claims against NEA. See attached Exhibit A, Complaint in *Christopher, et.al. v. NEA-Alaska*, Case No. 3AN-04-3828 Civil; attached Exhibit B, Stipulation for Dismissal in *Christopher, et.al. v. NEA-Alaska*, Case No. 3AN-04-3828 Civil. It cannot, therefore, be reasonably claimed that the state court action against NEA-Alaska, and the subsequent dismissal of that action, had any impact on the status of state-law claims against NEA in the present case. The case did not involve NEA, NEA did not appear in the case, and no stipulation, release, or any agreement was entered into between any of the plaintiff-intervenors and NEA concerning any claim against NEA.

Even after it "learned" that the state-law claims against it were not dismissed in the state court action against NEA-Alaska, NEA chose not to "renew" its summary judgment motion concerning those claims. Instead, NEA included an "Oh, by the way" section in its reply, seeking to have the state-law claims summarily dismissed without benefit of motion, and without adhering to the rules of this court concerning motion practice. See Local Rule 7.1. In the absence of a motion seeking dismissal of the state-law claims, dismissal of those claims cannot be granted. See F.R.C.P. 56.

In the event that this court decides to consider Section II of the NEA Reply Memorandum as a summary judgment motion, plaintiff-intervenors should be allowed an opportunity submit an opposition to that motion, pursuant to Local Rule 7.1 and F.R.C.P. 56. Clearly, the issues raised in Section II cannot be determined by this court in the absence of an opportunity by the plaintiff-intervenors to respond. In the event that the court grants this relief, plaintiff-intervenors should be allowed the time provided for by Local Rule 7.1, measured from the date of the order concerning this motion.

DATED this 12 day of January, 2006.

By: _____
Terry A. Venneberg
Attorney for Plaintiff-Intervenors
Alaska Bar No. 8706056

MOTION TO STRIKE SECTION II OF REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION
OF DEFENDANT NEA FOR SUMMARY JUDGMENT - Page 3

Terry A. Venneberg
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax

By: _____
Kenneth R. Friedman
Attorney for Plaintiff-Intervenors
Alaska Bar No. 9210060

This will certify that I caused a copy of the foregoing to be (mailed)/hand-delivered to
C. Flores, Esq.,
L. Longenbaugh, Esq.,
J. Collins, Esq. and
D. Parker, Esq. on
__1/12__, 2006.

_____

MOTION TO STRIKE SECTION II OF REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION
OF DEFENDANT NEA FOR SUMMARY JUDGMENT - Page 4

Terry A. Venneberg
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax