# Exhibit A

*FRW copy*

1

2

3          IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

4                THIRD JUDICIAL DISTRICT AT ANCHORAGE

5

6    CAROL CHRISTOPHER, JULIE BHEND,  )
     and CARMELA CHAMARA,             )
7                                     )
         Plaintiffs,                  )              COPY
8                                     )          Original Received
                                      )
9    vs.                              )            JAN 2 2 2004
                                      )         Clerk of the Trial Courts
10   NATIONAL EDUCATION               )
     ASSOCIATION - ALASKA,            )
11                                    )
         Defendant.                   )
12   _____)      Case No. 3AN-_____ Civil

13                              COMPLAINT

14

15       COME NOW plaintiffs Carol Christopher, Julie Bhend, and Carmela Chamara, by and through

16   their counsel of record, Terry A. Venneberg, and Kenneth R. Friedman of the Law Offices of Friedman,

     Rubin & White, and by way of complaint against defendant National Education Association - Alaska, do
17
     state and allege as follows:
18
         1. Plaintiffs Carol Christopher, Julie Bhend, and Carmela Chamara, formerly Carmela Larry, are
19
     residents of the State of Alaska over the age of eighteen (18) years, and are in all respects qualified and
20
     competent to maintain this action.
21
         2. Defendant National Education Association - Alaska (hereinafter "NEA-Alaska") is a labor
22
     organization licensed and authorized to do business under applicable law, and has the capacity to sue and
23
     to be sued.
24
                                                    **Terry A. Venneberg**
25                                                  Attorney at Law
                                                    625 Commerce Street
26                                                  Suite 460
                                                    Tacoma WA 98402
27                                                  (253) 572-3467
                                                    (253) 572-3662 fax

1   3. This court has jurisdiction in this action under provisions of AS 22.10.020. The claims raised

2 in this action were originally filed in the United States District Court for the District of Alaska in

3 *E.E.O.C. v. National Education Association-Alaska*, Case No. A01-225CV, with the United States

4 District Court exercising supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a). On

5 January 6, 2004, the United States District Court declined to exercise supplemental jurisdiction over said

6 claims, having dismissed all claims over which it had original jurisdiction, pursuant to 28 U.S.C. §

7 1367(c).  Plaintiffs have timely raised the claims in this action, under provisions of 28 U.S.C.§ 1367(d).

8 Venue in this action is proper in Anchorage.

9        <u>Factual Background</u>

10   4.  On or about March 1, 1998, Thomas Harvey was retained by NEA-Alaska as its Interim

11 Assistant Executive Director, and began work in that position in the Anchorage, Alaska office of NEA-

12 Alaska.

13   5. NEA-Alaska is and has been, at all times pertinent to this action, an affiliate of the National

14 Education Association, a national labor organization of teaching professional and educators.

15   6. Harvey was appointed to the position of Interim Assistant Executive Director at NEA-Alaska

16 as a result of recommendations given and efforts made by officials of the National Education

17 Association.  Prior to beginning work as Interim Assistant Executive Director at NEA-Alaska, Harvey

18 had worked for other National Education Association affiliate organizations, including the Mississippi

19 Association of Educators, the Teachers Association of Baltimore County, the Texas State Teachers

20 Association and the Maine Education Association.

21   7. In his work at other National Education Association affiliates, prior to assuming the position

22 of Interim Assistant Executive Director at NEA-Alaska, Harvey had exhibited behavior towards female

23 employees of those affiliates that was both physically and verbally threatening to those employees.  A

24 subordinate female employee of the Teachers Association of Baltimore County had filed complaints

25

26

27

Terry A. Venneberg
Attorney at Law
625 Commerce Street
Suite 460
Tacoma WA 98402
(253) 572-3467
(253) 572-3662 fax

1    concerning Harvey, when he was Executive Director of that organization, alleging discrimination and

2    harassment, including screaming, yelling, and physically-threatening conduct. Another female employee

3    of the Teachers Association of Baltimore County raised concerns about Harvey's threatening conduct,

4    and was forced to resign as a result of that conduct. Also, while Executive Director of the Teachers

5    Association of Baltimore County, Harvey had physically assaulted a female union official, and was

6    charged with criminal conduct as a result of the incident. Harvey's reputation for engaging in

7    harassment and intimidation of females and female employees was well known by officials of the

8    National Education Association and a substantial number of its affiliate organizations at the time that

9    Harvey was retained by NEA-Alaska to work as its Interim Assistant Executive Director.

10    　　　　8. Despite having either actual or constructive knowledge of the dangerous and violent

11    tendencies exhibited by Harvey in his previous supervisory positions, NEA-Alaska not only retained

12    Harvey as Interim Assistant Executive Director on or about March 1, 1998, but placed him in a

13    supervisory capacity over a number of female employees of NEA-Alaska, including, but not limited to,

14    plaintiff-intervenors Christopher, Bhend and Chamara. On or about August 30, 1999, Harvey was

15    appointed to be Assistant Executive Director at NEA-Alaska, with the interim label removed from his

16    title, and continued to act in a supervisory role over Christopher, Bhend and Chamara in that capacity.

17    　　　　9. Virtually from the time that Harvey began his work at NEA-Alaska as a supervisor, Harvey

18    openly and belligerently treated female employees more harshly than male employees by yelling and

19    screaming, pounding tables and engaging in other acts of physical and verbal aggression towards them.

20    Harvey also, for a time, engaged in yelling towards male employees, but the conduct exhibited against

21    male employees was not nearly as severe as the conduct exhibited towards female employees, including

22    plaintiffs, and Harvey would end any yelling at male employees when they told him to stop. Female

23    employees at NEA-Alaska, including plaintiff-intervenors, also told Harvey to stop engaging in physical

24    and verbal aggression towards them; however, in response to the request, Terry's aggressive conduct

25

26

27

**Terry A. Venneberg**
Attorney at Law
625 Commerce Street
Suite 460
Tacoma WA 98402
(253) 572-3467
(253) 572-3662 fax

1   towards them only intensified.

2       10.  Harvey's aggression towards plaintiff-intervenor Christopher often included physically

3   threatening gestures and conduct, such as pounding his fists on tables or windows, or pointing his finger

4   at Christopher within inches of her face while yelling and screaming at her.  Harvey also yelled and

5   screamed at Christopher while shaking his fist in her face, listened in on conversations of which he was

6   not part, monitored her e-mail, made false accusations against her that were designed to turn co-workers

7   against her, burst into meetings in which Christopher was participating and then sat in, listened or took

8   control of the meeting, and otherwise engaged in constant intimidation and bullying of Christopher.

9       11.  As a direct result of the harassment and intimidation, both physical and verbal, directed at

10  her by Harvey while he was her supervisor at NEA-Alaska, Christopher resigned from her position at

11  NEA-Alaska.  Christopher's resignation from her employment at NEA-Alaska constituted a constructive

12  discharge from that position.  The conduct engaged in by Harvey, as described here, also caused

13  Christopher to suffer severe emotional distress.  Christopher sought counseling and treatment concerning

14  the emotional distress caused by Harvey, and was prescribed medication to address the emotional and

15  psychological damage sustained as a result of Harvey's outrageous conduct.

16      12.  Harvey also subjected Bhend and Chamara to abusive conduct when he supervised their

17  employment, yelling and screaming at them both behind closed doors and in public areas of the NEA-

18  Alaska offices.  As was the case with Christopher, Harvey made false accusations against Bhend that

19  were designed to turn co-workers against her. Following Christopher's constructive discharge, Harvey's

20  harassment and intimidation against Bhend intensified.  Bhend was told to seek the assistance of no other

21  employee, except one, in the performance of her duties, which was contrary to the policy and practice of

22  the NEA-Alaska office.  Harvey further intimidated Bhend by interrogating her about statements that he

23  falsely claimed that she had made regarding a variety of subjects.  Harvey's treatment of Bhend caused

24  her to fear speaking to him.

25

26

27

Terry A. Venneberg
Attorney at Law
625 Commerce Street
Suite 460
Tacoma WA 98402
(253) 572-3467
(253) 572-3662 fax

1       13. The conduct engaged in by Harvey towards Bhend, as described here, caused Bhend to suffer

2   severe emotional distress.  Bhend sought counseling and treatment concerning the emotional distress

3   caused by Harvey, and was prescribed medication to address the emotional and psychological damage

4   sustained as a result of Harvey's outrageous conduct.

5       14. Harvey also subjected Chamara, then known as Carmela Larry, to physical intimidation and

6   severe verbal harassment during the time that he supervised her employment.  In addition to yelling and

7   screaming and making physically threatening gestures towards Chamara, Harvey engaged in other

8   harassing conduct directed towards Chamara, including instructing co-workers to monitor Chamara's

9   activities, record the times that she entered the office and to report such information back to him.

10       15. As a direct result of the harassment and intimidation, both physical and verbal, directed at

11   her by Harvey while he was her supervisor at NEA-Alaska, Chamara resigned from her position at NEA-

12   Alaska.  Chamara's resignation from her employment at NEA-Alaska constituted a constructive

13   discharge from that position.  The conduct engaged in by Harvey, as described here, also caused

14   Chamara to suffer severe emotional distress.  Chamara sought counseling and treatment concerning the

15   emotional distress caused by Harvey, and was prescribed medication to address the emotional and

16   psychological damage sustained as a result of Harvey's outrageous conduct.

17

18                               First Cause of Action
                             Violation of AS 18.80.220
19

20       16. Paragraphs 1 through 15 as set out above are incorporated by reference herein.

21       17. AS 18.80.220(a)(1) makes it unlawful for an employer "to discriminate against a person in

22   compensation or in a term, condition, or privilege of employment because of the person's ... sex ... when

     the reasonable demands of the position do not require distinction on the basis of ... sex ..."
23

24       18. Defendant NEA-Alaska violated AS 18.80.220(a)(1) by subjecting plaintiffs Christopher,

25                                               **Terry A. Venneberg**
                                                 Attorney at Law
26                                               625 Commerce Street
                                                 Suite 460
27                                               Tacoma WA 98402
                                                 (253) 572-3467
                                                 (253) 572-3662 fax

1   Bhend and Chamara, through their supervisor, Thomas Harvey, to sex-based harassment based on their

2   gender, female, and by constructively discharging Christopher and Chamara.

3        19.  As a direct and proximate result of the violation of AS 18.80.220(a)(1) by NEA-Alaska,

4   plaintiffs have incurred and will continue to incur past and future economic and non-economic loss in an

5   amount to be proven at trial, but in any event exceeding $50,000.

6        20.  Plaintiff-intervenors are also entitled to an award of punitive damages against the above-

7   named defendant in light of the malice and/or reckless indifference exhibited by defendant towards the

8   plaintiff-intervenors, and their rights as set out in AS 18.80.220.

9

10                          Second Cause of Action
                            Negligent Hiring and Retention

11

12       21.  Paragraphs 1 through 20 as set out above as set out above are incorporated by reference

13   herein.

14       22.  Defendant NEA-Alaska owed a duty to plaintiffs to exercise reasonable care in the hiring and

15   retention of supervisory personnel, including Thomas Harvey.

16       23.  Defendant NEA-Alaska breached its duty to exercise reasonable care in the hiring and

17   retention of Thomas Harvey as first Interim Assistant Executive Director, then as Assistant Executive

18   Director.  Defendant NEA-Alaska either knew or should have known of Harvey's unfitness for a

19   supervisory position, due to his previous record of harassing and intimidating female employees while

20   working with other NEA affiliates.

21       24.  As a direct and proximate result of the negligence of defendant NEA-Alaska in the hiring

22   and retention of Thomas Harvey, plaintiffs have incurred and will continue to incur past and future

23   economic and non-economic loss in an amount to be proven at trial, but in any event exceeding $50.000.

24       25.  Plaintiffs are also entitled to an award of punitive damages against defendant, in light of the

25                                          **Terry A. Venneberg**
                                            Attorney at Law
26                                          625 Commerce Street
                                            Suite 460
27                                          Tacoma WA 98402
                                            (253) 572-3467
                                            (253) 572-3662 fax

COMPLAINT - Page 6

1   gross negligence and reckless indifference displayed by defendant in the hiring and retention of Thomas

2   Harvey as a supervisor.

### Third Cause of Action
### Intentional Infliction of Emotional Distress

3

4

5   26.  Paragraphs 1 through 25 as set out above are incorporated by reference herein.

6   27.  Thomas Harvey, while acting as a supervisor on behalf of defendant, acted towards plaintiffs

7   Christopher, Bhend and Chamara in an extreme and outrageous manner, engaging in frequent and often

    threatening physical and verbal harassment of plaintiff-intervenors while they were subject to his

8   supervision.

9

10  28.  Defendant is vicariously liable for the actions of Thomas Harvey under the doctrine of

11  *respondeat superior*, in that Harvey's actions towards plaintiffs were performed within the scope of his

12  employment and/or duties as first Interim Assistant Executive Director, then Assistant Executive

    Director, at NEA-Alaska.

13

14  29.  As a direct and proximate result of the extreme and outrageous conduct engaged in by

15  Thomas Harvey, for which defendant NEA-Alaska is liable, plaintiffs have suffered severe emotional

16  distress.  Plaintiffs have been required to obtain psychological counseling due to the severity of the

    emotional distress inflicted upon them by Harvey, and have also been prescribed medication to address

17  the psychological and emotional damage caused Harvey's conduct.  Plaintiffs are entitled to recover past

18  and future economic and non-economic damages incurred as a result of the conduct of Thomas Harvey,

19  for which defendant is liable in an amount to be proven at trial, but in any event exceeding $50,000.

20  30.  Plaintiffs are also entitled to an award of punitive damages against defendant for the extreme

21  and outrageous conduct of Thomas Harvey, in that the conduct at issue was engaged in by Harvey in his

22  capacity as a manager at NEA-Alaska, and were performed within the course and scope of his

23  employment, and in that NEA-Alaska was reckless in retaining Harvey as a manager and supervisor.

24

25                                          **Terry A. Venneberg**
                                            Attorney at Law

26                                          625 Commerce Street
                                            Suite 460

27                                          Tacoma WA 98402
                                            (253) 572-3467
                                            (253) 572-3662 fax

1     WHEREFORE plaintiffs pray for the following relief to be granted:

2     1.  That plaintiffs be awarded damages against defendant NEA-Alaska for past and future

3  economic and non-economic losses in an amount to be proven at trial, but in any event to exceed

4  $50,000.

5     2. That punitive damages be assessed against defendant NEA-Alaska in favor of plaintiffs in an

6  amount to be proven at trial.

7     3. That plaintiffs be awarded costs, interest and attorneys fees, as provided by applicable law.

8     4. That such and other further relief as this court may deem appropriate be granted.

9     DATED this _22__ day of _____, 2004.

10

11

12     By: _____
          Terry A. Venneberg
13        Attorney for Plaintiffs
          Alaska Bar No. 8706056

14

15

16     By: _____
          Kenneth R. Friedman
17        Attorney for Plaintiffs
          Alaska Bar No. 9210060

18

19

20

21

22

23

24

25     **Terry A. Venneberg**
       Attorney at Law
26     625 Commerce Street
       Suite 460
27     Tacoma WA 98402
       (253) 572-3467
       (253) 572-3662 fax

COMPLAINT - Page 8